UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD CARILLO,

        Plaintiff,

Case No. 1:14-cv-1008

Hon. Robert J. Jonker

v.

PATRICK R. DONAHOE, *et al.*,

        Defendants.

                            /

**REPORT AND RECOMMENDATION**

Plaintiff commenced this action by filing a *pro se* complaint on September 24, 2014. The case did not proceed smoothly. In August 2015 Attorney Browning appeared for plaintiff. The most recent pleading, plaintiff's Third Amended Complaint, contains seven counts against the two remaining defendants, Postmaster General Megan Brennan and the United States Postal Service (USPS). This matter is now before the Court on defendants' "motion to dismiss or, in the alternative, motion for summary judgment" (docket no. 23). The Court will also address an undocketed two-page motion for partial summary judgment which plaintiff attached to his response brief (docket no. 25, PageID.10-11).

        **I.**        **Plaintiff's claims**

Plaintiff's claims alleged in his Third Amendment Complaint are summarized as follows. Plaintiff worked as an "assistant city carrier" for the United States Postal Service for a few weeks in December 2013 and 2014. Third Amend. Compl. (docket no. 19, PageID.107-113). Plaintiff alleged that he was not paid for his expenses incurred while training, that he was not fully

paid for his employment in December 2013, that he was not issued an identification badge, that he continued to work until he was injured on January 16, 2014, that he was forced to work in violation of his medical work restrictions, and that he received a priority-mail package on January 18, 2014 in which he was "retroactively" discharged effective Friday, January 17, 2014. *Id.*

Plaintiff has set forth seven causes of action. The first five causes of action arise from plaintiff's employment. In Count I ("wrongful termination"), plaintiff alleged that defendants wrongfully terminated his employment, which interfered with "the legitimate of [sic] just-cause employment that Defendant [sic] has instilled in Plaintiff." *Id.* at PageID.113. In Count II ("conversion"), plaintiff alleged that "[p]laintiff's wages have been converted by the USPS." *Id.* at PageID.114. In Count III ("breach of contract"), plaintiff alleged that defendants breached a contract to pay reimbursement for all of his expenses, allowances and costs for training necessary to maintain employment with the USPS. *Id.* at PageID.114-115. In Count IV ("retaliatory discharge"), plaintiff alleged: that he informed defendants that he needed medical care; that he was instructed to file a Family and Medical Leave Act (FMLA) claim, seek medical care and complete paperwork for a workers compensation claim; that he was placed on restrictive duty; that he communicated this to defendants; and that defendants retroactively terminated plaintiff's employment while he was injured, which ceased all medical care, workers compensation payments, and medical leave benefits. *Id.* at PageID.115-116. In Count V ("violation of wages & fringe benefits act: MCL 408.471 et. seq."), plaintiff alleged that defendants failed to comply with Michigan's minimum wage laws. *Id.* at PageID.116-117.

In Count VI ("discrimination pursuant to Title VII 42 USC 1981"), the only federal claim alleged in the complaint, plaintiff alleged that he is a member of a protected class, that

2

similarly situated employees who were not part of a protected class: were not terminated like plaintiff when they were injured on the job; were given an identification badge during orientation unlike plaintiff; "were allowed to enter FMLA while Plaintiff was not"; and "were allowed to avail themselves of Workmens' Compensation while Plaintiff was not." *Id.* at PageID.117.

Finally, in Count VII ("defamation libel"), plaintiff alleged that "on information and belief, in April 2015, Defendant [sic] informed the State Bar of Illinois that Plaintiff Richard Carillo fought with employees, argued with employees, picked fights with employees, and fought with co-workers." *Id.* at PageID.117-118. Plaintiff alleged that "the written statements and accusations" were false, and that they were published to third parties with knowledge of the falsity or in reckless disregard of their truth or falsity. *Id.* Plaintiff alleged that these statements resulted in severe damage to plaintiff's "professional standing and damaged his career prospects." *Id.* at PageID.117-118. In this regard, plaintiff alleged that he "seeks licensure" in Illinois and that defendants' actions "contributed to Mr. Carillo's continuing nonlicensure." *Id.* at PageID.113.

For his relief, plaintiff seeks actual damages, consequential damages, lost future wages, damages for emotional distress, pain and suffering and anxiety, economic damages, punitive damages, exemplary damages, statutory damages, attorney's fees, reinstatement to position, retroactive raises in wages, retroactive overtime pay, retroactive wages, retroactive double-time pay, retroactive promotion in position, retroactive workers compensation benefits, "[a] formal rescission of the defamatory writings about [p]laintiff," and such other relief as the court deems just. *Id.* at PageID.118-119.

## II.  Defendants' motion

### A.  Standard of review

Defendants have filed a motion which seeks alternative relief of dismissal under Fed. R. Civ. P. 12(b)(1), dismissal under Fed. R. Civ. P. 12(b)(6), or summary judgment under Fed. R. Civ. P. 56.  *See* Motion (docket no. 23).  Such motions brought in the alternative are inherently confusing because they blur the standard of review for dismissal with the standard of review for summary judgment.  While defendants list three motion standards in their brief, *see* Defendants' Brief (docket no. 24, PageID.133-134), they do not analyze plaintiff's claims under any particular standard.  Defendants have injected factual issues into the record which appear applicable to all of plaintiff's claims.  *See* Declaration of Barbara Davis;  Declaration fo Kimberly A. Herbst; Agreement between USPS and National Association of Letter Carriers (docket no. 24-1, 24-2 and 24-3).[1]  For his part, plaintiff's response viewed the motion as one for summary judgment.  However, plaintiff cited no case law other than the standard of review for summary judgment and submitted no affidavits or documents.  For these reasons, the Court will review defendants' dispositive motion as one seeking summary judgment under Fed. R. Civ. P. 56.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations

---

[1] It is unclear to the Court why it was necessary to attach the entire 296-page labor agreement between the USPS and the National Association of Letter Carriers to defendants' brief.

>(including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

>The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### B. Plaintiff's employment related claims (Counts I, II, III, IV and V)

Plaintiff's first five counts (wrongful termination, conversion, breach of contract, retaliatory discharge, and violation of Michigan's Wage and Benefits Act) arise from plaintiff's employment by the USPS. These employment claims are preempted by federal law. "In *United States v. Fausto*, 484 U.S. 439, 455, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988), the United States Supreme Court ruled that the Civil Service Reform Act of 1978 ("CSRA") was enacted to create a comprehensive, preemptive system for review of personnel actions affecting Federal employees and to deny all judicial review not provided in the statute." *Bajestani v. Tennessee Valley Authority*, 61

F. Supp. 3d 759, 764 (E.D. Tenn. 2014). "The CSRA is a comprehensive statutory scheme which governs the administrative and judicial review of adverse personnel actions against federal employees." *Johnson v. United States*, 101 F.3d 702 (6th Cir. 1996) (applying CSRA to USPS employee) (internal quotation marks omitted). The CSRA applies to USPS employees by virtue of the Postal Reorganization Act ("PRA"), 39 U.S.C. § 1005(a)(1). *Gates v. U.S. Postal Service*, No. 1:09 CV 772, 2010 WL 1752038 at *4 (N.D. Ohio April 30, 2010). As the Sixth Circuit explained:

> [T]o the extent [the plaintiff] challenged adverse personnel actions such as warnings, suspensions, and work assignments in this action, her claims are preempted by the collective bargaining agreement and the remedies available under the CSRA. Because the PRA contains a comprehensive scheme of employment rights within the Postal Service, and because it contains no statutory right to judicial review, the district court had no jurisdiction over [the plaintiff's] claim.

*Johnson*, 101 F.3d at 702.

Plaintiff's state law claims alleged in Counts I, II, III, IV and V contest employment related decisions made by his supervisors at the USPS. As such, they are precluded by the CSRA. *See, e.g., Bajestani*, 61 F. Supp. 3d at 764 (CSRA barred plaintiff's breach of contract action and due process claims against the Tennessee Valley Authority). *See also*, *Allen v. United States Postal Service*, 588 Fed. Appx. 679 (9th Cir. 2014) (dismissal of the plaintiff's wrongful termination claim against the USPS was proper because the district court lacked subject matter jurisdiction); *Harper v. Frank*, 985 F.2d 285, 289-90 (6th Cir. 1993) (Congress adopted a comprehensive scheme for dealing with challenges to personnel actions of the Postal Service that does not include judicial review, requiring the Postal Service to establish procedures to assure its officers and employees meaningful opportunities for promotion and career development and to assure its officers and employees full protection of their employment rights by guaranteeing them an opportunity for a fair

6

hearing on adverse actions, with representatives of their own choosing under the PRA, 39 U.S.C. § 1001(b)).  Accordingly, defendants should be granted summary judgment with respect to Counts I, II, III, IV and V which seek relief related to plaintiff's employment at the USPS.

### C. Discrimination claim (Count VI)

Plaintiff's Count VI contains the scrambled caption "Discrimination pursuant to Title VII 42 USC 1981."  Third Amend Compl. at PageID.117.  Plaintiff apparently wants to allege a Title VII discrimination claim under 42 U.S.C. § 2000e *et seq.*  As defendants point out, the only proper defendant in a Title VII claim is the head of the pertinent agency, in this case defendant Brennan in her capacity as Postmaster General.  *See* 42 U.S.C. § 2000e-16(c).  Defendants contend that plaintiff failed to exhaust the claim.  Specifically, plaintiff's counsel did not mail the formal complaint within 15 days of receipt as required by 29 CFR § 1614.106(b), and the complaint was dismissed by the Equal Employment Opportunity (EEO) office.  *See* Dismissal of Formal EEO Complaint (June 6, 2014) (docket no. 1-2).  The Court agrees.

Exhaustion of administrative remedies is a prerequisite to filing a Title VII discrimination claim against a governmental agency.  *See Hunter v. Secretary of U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009) ("[t]he right to bring an action under Title VII regarding equal employment [opportunity] in the federal government is predicated upon the timely exhaustion of administrative remedies, as set forth in [the Equal Opportunity Commission (EEOC) regulations]") (quotation marks omitted).  Under the applicable regulations, the employee must first bring his claim of discrimination to the attention of an EEO counselor for informal counseling "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1).  If EEO counseling does not resolve

the problem, the counselor provides the employee with written notice of his right to file a formal complaint of discrimination:

> If the matter has not been resolved, the aggrieved person shall be informed in writing by the Counselor, not later than the thirtieth day after contacting the Counselor, of the right to file a discrimination complaint. The notice shall inform the complainant of the right to file a discrimination complaint within 15 days of receipt of the notice, of the appropriate official with whom to file a complaint and of the complainant's duty to assure that the agency is informed immediately if the complainant retains counsel or a representative.

29 C.F.R. § 1614.105(d). "When the complainant designates an attorney as representative, service of all official correspondence shall be made on the attorney and the complainant, but time frames for receipt of materials shall be computed from the time of receipt by the attorney." 29 C.F.R. § 1614.605(d). The date of the formal complaint's postmark is considered the date of filing. *See* 29 C.F.R. § 1614.604(b) ("A document shall be deemed timely if it is received or postmarked before the expiration of the applicable filing period, or, in the absence of a legible postmark, if it is received by mail within five days of the expiration of the applicable filing period.").

Here, the record reflects that plaintiff's attorney received the notice on May 21, 2014, and that the formal complaint was postmarked on June 6, 2014, one day after the due date. *See* Notice (docket no. 24-1, PageID. ); Signature for receipt of notice (docket no. 24-1, PageID.168); Envelope mailing complaint (docket no. 24-1, PageID.174). Defendants outlined the history of plaintiff's EEO claim as follows:

> Carrillo has engaged in EEO activity in one case, EEO Case No. 4J-493-0019-14. (Ex. 1 Davis Decl. ¶ 2; Third Am. Compl. ¶ 47.) In that matter, Carrillo contacted the USPS EEO office and alleged race discrimination on or around February 20, 2014. (Ex. 1, Davis Decl. ¶ 3; Ex. 1-A, Information for Pre-Compl. Counseling 1.) He claimed race discrimination and listed Attorney Jonathan Browning as his representative. (Ex. 1, Davis Decl. ¶ 3; Ex. 1-A, Information for Pre-Compl. Counseling 3.)

>Barbara Davis, an EEO Dispute Resolution Specialist, was assigned Carrillo's claim. (*See id.* ¶ 4; Ex. 1-B, 5/20/14 Letter from Davis to Carrillo.) On May 20, 2014, Davis sent a letter to Carrillo and Attorney Browning advising them that Carrillo's informal claim had been fully processed, and they had 15 days from receipt of the letter to file a formal complaint. The letter provided:
>
>>If you opt to file a formal complaint, you have 15 days from the date of receipt of this letter to file a timely formal complaint. Your complaint could be subject to dismissal in accordance with 29 CFR Part 1614.107 if not filed within the 15 day time limit. Your complaint will be deemed timely postmarked before the expiration of the 15 day time limit . . . .
>
>(Ex. 1-B, 5/20/14 Letter from Davis to Carrillo.)
>
>On May 21, 2014, Attorney Browning's copy of the letter was signed for at his North Division address. (Ex. 1, Davis Decl. ¶ 6.) Accordingly, Carrillo and Attorney Browning had until June 5, 2014 to file a formal complaint. Attorney Browning did not mail Carrillo's formal Complaint until June 6, 2014. (Id. ¶ 8; Ex. 1-C, Compl. of Discrimination.) The EEO office dismissed Carrillo's formal Complaint because Carrillo did not file the Complaint within the 15-day time period provided by 29 C.F.R. § 1614.106(b) - the Complaint was mailed one day late. (Ex. 1 to Compl., Dismissal of Formal EEOC Compl., ECF No. 1-2; Ex. 1-D, Dismissal of Formal EEOC Compl.)

Defendants' Brief at PageID.143-144 (footnote omitted).

This undisputed record demonstrates that plaintiff failed to exhaust his administrative remedies because he filed the EEO complaint late. *See, e.g., Vazquez-Rivera v. Figueroa*, 759 F.3d 44, 49 (1st Cir. 2014) (where the plaintiff filed his administrative complaint one day late, the district court correctly dismissed the claim for failure to exhaust administrative remedies because it "fell outside the fifteen-day period and was untimely under 29 C.F.R. § 1614.106(b)"). However, plaintiff's failure to comply with the regulation was not a jurisdictional bar to this federal lawsuit. "Like the suit-filing time limits contained in the Act, *see* 42 U.S.C. § 2000e–16(c) (1994), the administrative time limits created by the EEOC erect no jurisdictional bars to bringing suit."

*Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997). "Rather, functioning like statutes of limitations, these time limits are subject to equitable tolling, estoppel, and waiver'" *Id. See Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991) ("Compliance with the thirty-day period for bringing a complaint to the attention of an EEO counselor is not a jurisdictional prerequisite to filing a civil action in federal district court. Thus, this thirty-day requirement is subject to the principles of equitable tolling.") (internal citations omitted).

In his response, plaintiff does not assert equitable tolling, estoppel or waiver. Rather, citing no authority, plaintiff asserts that he filed a "timely action":

> Plaintiff has shown, by use of Defendant's Exhibit 1 [Declaration of Barbara Davis], the clear, lengthy trail of Plaintiff's efforts to follows [sic] the black letter rules provided by the Defendant. Plaintiff received a final, formal ruling on his EEO case and offered two options, appeal or Right to sue. Plaintiff exercised his Right to Sue and filed a timely action in the appropriate Court.

Plaintiff's Response (docket no. 25, PageID.485). Plaintiff's right to sue is found in the June 23, 2014 "Dismissal of formal EEO complaint," which advised plaintiff that he could either file an appeal of the dismissal to the EEOC "within 30 calendar days of the date of your receipt of the Agency's final action" or or in lieu of filing an appeal with the EEOC plaintiff "may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of this decision." Dismissal (docket no. 1-2, PageID.27-28) (emphasis omitted). Defendants do not dispute that plaintiff filed this federal lawsuit within the time frame set forth in the dismissal order. However, the fact that plaintiff filed this action within that time frame does not cure his failure to exhaust administrative remedies prior to filing suit. Accordingly, defendants should be granted summary judgment with respect to Count VI.

### D. Defamation libel (Count VII)

In his final count for the common law tort of "defamation/libel," plaintiff seeks relief for an incident which occurred about six months after he filed his original complaint, i.e., that in April 2015 "Defendant [sic] informed the State Bar of Illinois that Plaintiff Richard Carillo fought with employees, argued with employees, picked-fights with employees, and fought with co-workers." Third Amend. Compl. at PageID.117-118. Plaintiff's claim refers to both defamation and libel. "The elements of a defamation claim are: (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication." *Mitan v. Campbell*, 474 Mich. 21, 24, 706 N.W.2d 420 (2005). "Libel may be defined as a statement of and concerning the plaintiff which is false in some material respect and is communicated to a third person by written or printed words and has a tendency to harm the plaintiff's reputation." *Fisher v. Detroit Free Press, Inc.*, 158 Mich. App. 409, 413, 404 N.W.2d 765 (1987).

Plaintiff's claim for "defamation libel" fails. "It is fundamental that the United States, as sovereign, is immune from suit without its consent." *Clay v. United States*, 199 F.3d 876, 879 (6th Cir. 1999). Its waiver of sovereign immunity is strictly construed and must be unequivocal. *Id.* Without a waiver of sovereign immunity, a court does not have jurisdiction over plaintiff's suit against the United States. *See Dolan v. United States Postal Service*, 546 U.S. 481, 484-85 (2006). "Under the Postal Reorganization Act, 39 U.S.C. § 101 *et seq.*, the Postal Service is 'an independent establishment of the executive branch of the Government of the United States.'" *Id.* at 483-84. "Consistent with this status, the Postal Service enjoys federal sovereign immunity absent a waiver"

and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-80, applies to tort claims arising out of activities of the Postal Service. *Id.* at 484 (citing 39 U.S.C. § 409(c)).

Under the FTCA, a federal district court has jurisdiction to hear a claim "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674 (FTCA renders the United States liable "in the same manner and to the same extent as a private individual under like circumstances"). While the FTCA waives the federal government's sovereign immunity from tort suits, it includes a number of exceptions to that waiver as set forth in 28 U.S.C. § 2680. *Millbrook v. United States*, -- U.S. --, 133 S. Ct. 1441, 1442-43 (2013). For example, the FTCA waiver does not apply to intentional torts, including "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. 2680(h). *See Millbrook*, 133 S. Ct. at 1443 (referring to § 2680(h) as the 'intentional tort exception'"). The Court construes plaintiff's allegation of "defamation libel" as subject to the intentional tort exception in § 2680(h), because this claim arose from an alleged false representation arising from plaintiff's employment at the USPS. *See Dickson v. Wojcik*, 22 F. Supp. 3d 830, 837 (W.D. Mich. 2014) (plaintiff's allegations of defamation, slander, misrepresentation, and tortious interference fell within § 2680(h)'s exclusion, because they all arose out of the same conduct, i.e., allegedly false assertions by his supervisor that resulted in the discontinuation of plaintiff's commission in the Michigan National Guard). Accordingly, defendants should be granted summary judgment with respect to Count VII.

### III. Plaintiff's Motion for summary judgment

Plaintiff attached a cryptic "Motion for partial summary judgment" to his response brief in which he seeks summary judgment on his claims of conversion and libel. *See* Plaintiff's Motion for partial summary judgment (docket no. 25, PageID.10-11). This motion was neither filed nor docketed as a separate motion, was not accompanied by a brief as required by W.D. Mich. LCivR 7.1(a) ("[a]ll motions, except those made during a hearing or trial, shall be accompanied by a supporting brief"), and was not accompanied by supporting documents as required by W.D. Mich. LCivR 7.1(b) ("[w]hen allegations of facts not appearing of record are relied upon in support of or in opposition to any motion, all affidavits or other documents relied upon to establish such facts shall accompany the motion"). This improvidently filed motion for partial summary judgment could be denied without prejudice for failure to comply with the court rules. However, the motion is futile for the reasons set forth in § II.B. (addressing the conversion claim) and § II.D. (addressing the libel claim), *supra*. Accordingly, this improvidently filed motion should be denied on the merits.

### IV. Recommendation

For the reasons set forth above, I respectfully recommend that defendants' combined motion to dismiss or for summary judgment (docket no. 23) be **GRANTED** and that this action be **TERMINATED**.


Dated: August 30, 2016        /s/ Ray Kent
                              RAY KENT
                              United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).